# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**ANDREW ROMEO JOHNSON,**

    **Plaintiff,**

vs.                                    Case No. 4:13cv321-RH/CAS

**WARDEN MERCER,**
**SECRETARY CREWS,**

    **Defendants.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff, an inmate proceeding pro se, submitted a civil rights complaint on May 29, 2013, but did not pay the filing fee nor submit an in forma pauperis motion. Thus an Order was entered requiring Plaintiff to do one or the other, doc. 3, and Plaintiff then submitted a motion seeking leave to proceed in forma pauperis, doc. 4. The motion was granted, doc. 5, and Plaintiff paid the assessed initial partial filing fee, doc. 6, on July 8, 2013. Having paid the assessed fee, the civil rights complaint was ready for a frivolity review as required by 28 U.S.C. § 1915A.

Review of Plaintiff's complaint, doc. 1, now reveals that Plaintiff was improperly granted in forma pauperis status and, moreover, explains the likely reason Plaintiff did

not submit an in forma pauperis motion when he initiated this case. In the complaint, Plaintiff lists having filed one prior case which deals with the same of similar facts as presented in this case. Doc. 1 at 3. Plaintiff listed case number 4:10cv513-MP/WCS, and Plaintiff forthrightly noted the case was dismised for failure to exhaust administrative remedies and abuse of the judicial process. *Id.*

Plaintiff then acknowledged having filed case number 4:05cv495, which he voluntarily dismissed. Doc. 1 at 4. Plaintiff wrote "See Exhibit C" which was attached to the complaint, and presented the docket sheet to confirm that dismissal.

When asked to identify "each and every case" dismissed for the reasons listed in § 1915(e)(2)(B), Plaintiff listed just one case, case number 2:96cv1304. Doc. 1 at 4. That case was from a federal court in Alabama, but Plaintiff did not properly state the reason for dismissal, instead writing "see - Exhibit - B" on the complaint form. *Id.* No other cases were listed by Plaintiff.

Review of Plaintiff's attachments to the complaint shows docket sheet for case number 4:05cv495, confirming the Plaintiff's voluntary dismissal (Ex. A), and the docket sheet for case number 2:96cv1304 (the Alabama case) (Ex. B), and the docket for a habeas petition, case number 1:98cv605 (Ex. C). What Plaintiff did not clearly disclose was the fact that Plaintiff has accumulated three strikes under § 1915(g) and should not have been granted in forma pauperis status in this case. Plaintiff also failed to disclose another case that was dismissed under § 1915(e)(2)(B).

Case number 2:96cv1304-MHT-CSC was dismissed in the United States District Court, Middle District of Alabama, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (iii), prior to service. *See* doc. 1 Ex. B. That dismissal counts as Plaintiff's first strike, and

was admitted by Plaintiff. However, Plaintiff failed to disclose that he also received a second strike in the same court for case number 1:98cv1371-WHA-CSC, dismissed with prejudice prior to service of process pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). Importantly, Plaintiff failed to list that case at all. Judicial notice is now taken of that case, which was reported to this Court in case number 4:10cv513, dismissed in this Court by Chief Judge Casey Rodgers on February 17, 2012. That dismissal was for failure to exhaust administrative remedies and abuse of the judicial process for failing to disclose all prior cases, and the case counted as Plaintiff's third strike. The report and recommendation, doc. 31, clearly provided notice to Plaintiff that he had three strikes and listed all of Plaintiff's relevant cases.

The Prison Litigation Reform Act of 1995 (PLRA), which was enacted on April 26, 1996, provides that a prisoner may not bring a civil action *in forma pauperis* under 28 U.S.C. § 1915:

> if the prisoner has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Plaintiff has had three or such dismissals as noted above. Plaintiff was not entitled to proceed with in forma pauperis status in this case.

The instant complaint challenges Plaintiff's exposure to second hand tobacco smoke. Although Plaintiff claims he is in "imminent danger of serious physical injury to due to inhaling the unwanted tobacco smoke and second tobacco smoke," it is clear that Plaintiff is seeking to avoid the § 1915(g) dismissal. Plaintiff's allegations do not concern the type of claim that should be permitted under § 1915(g) as such claims are

generally designed to remedy physical assault or attack. Moreover, even if a medical-related claim could proceed under this physical injury exception, *see* <u>Jackson v. Jackson,</u> 456 F.App'x 813, 814, 2012 WL 265585 1 (11th Cir. Jan. 31, 2012) (noting inmate was eligible to proceed in forma pauperis under "imminent danger" exception on claim that he was at risk of serious harm for "internal bleeding, intestinal obstruction, gangrene, and death" due to delayed hernia surgery), Plaintiff's claim still fails because dangers from second hand smoke are not "imminent." Thus, Plaintiff's motion proceed in forma pauperis, doc. 4, should be denied, the prior order granting that motion, doc. 5, vacated, and this action dismissed for Plaintiff's failure to honestly disclose his prior cases and the fact that he has three strikes under § 1915(g). This dismissal should be without prejudice to Plaintiff making the same allegations in a complaint for which he pays the full $400.00 filing fee at the time of filing the complaint.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's motion to proceed in forma pauperis, doc. 2, be **DENIED** pursuant to 28 U.S.C. § 1915(g), that the prior Order, doc. 5, which erroneously granted the motion be **VACATED**, and Plaintiff's complaint, doc. 1, be **DISMISSED without prejudice,** and that the Order adopting this Report and Recommendation direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(g).

**IN CHAMBERS** at Tallahassee, Florida, on August 2, 2013.

      S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**